# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:17-cr-81-MOC

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| vs. | ) |
| | ) **ORDER** |
| **DARIOUS DEMAINE WESTON,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER** is before the Court on Defendant's pro se Motion for Compassionate Release/Reduction of Sentence. (Doc. No. 67). Defendant is serving a 70-month sentence after being convicted of Coercion or Enticement of a Minor. Defendant seeks early release from prison under 18 U.S.C. § 3582(c)(1)(A) based on the COVID-19 pandemic. The Government has responded in opposition to the motion, and Defendant has filed a Reply.

## I. BACKGROUND

Defendant was arrested on a criminal complaint on February 23, 2017. He was then named in a two-count Indictment on March 22, 2017, and charged with one count of Coercion and Enticement of a Minor, in violation of 18 U.S.C. § 2242(b), and one count of Travel with Intent to Engage in Illicit Sexual Conduct, in violation of 18 U.S.C. § 2423(b). (Doc. No. 11).

On January 12, 2018, Defendant pled guilty to Coercion and Enticement of a Minor. (Doc. Nos. 35, 38). Evidence and arguments presented through the Factual Basis and in open court show that Defendant made a post in the "Casual Encounters" section of Craigslist, seeking a mother and daughter for a "Family Affair." (Doc. No. 36). On January 7, 2017, an undercover FBI agent responded to the posting. The agent pretended to be a mother who wanted to

-1-

introduce her 14-year-old daughter to an older man. Defendant responded that he was interested and began chatting through a phone app with the undercover agent. Defendant described the various sex acts he would perform on the minor. Later, he began emailing with someone he believed to be the 14-year-old minor and told her about the sex acts they would do when they met.

On February 23, 2017, Defendant drove to Charlotte, North Carolina to meet the 14-year-old girl. He brought condoms and a lubricant with him. Defendant was arrested and admitted that he had driven to Charlotte with the intent to have sex with a 14-year-old girl. On May 21, 2018, this Court sentenced Defendant to a term of imprisonment of 70 months and a term of supervised release of 10 years, departing below the advisory Guideline range and mandatory minimum.

Defendant is currently serving his sentence at FCI Ashland, a low security facility in Ashland, Kentucky. BOP Inmate Locator, https://www.bop.gov/inmateloc. He has served approximately three years and eight months, or about 62%, of his sentence, and his projected release date, with time off for good conduct, is July 29, 2022. On November 23, 2020, Defendant requested compassionate release from the warden of FCI Ashland, indicating that he had asthma as a child, is obese, has high blood pressure, high cholesterol, and is pre-diabetic. (Govt. Ex. 1). He stated that he has a house and a job waiting for him but did not indicate where the house is, or what the job is. On December 10, 2020, the warden denied Defendant's request. (Institution Response, Govt. Ex. 2). On February 25, 2021, Defendant filed his pending motion, seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A). He asserts that he will be infected with COVID-19 if he remains in prison and that the virus may kill him because of his

various health conditions of asthma, obesity, high blood pressure, high cholesterol, acid reflux, and right knee pain. Id. Furthermore, he claims that 80% of the inmate population at FCI Ashland has been infected with COVID-19 and that there have been six deaths. He notes that he has a supportive family and will have a job upon his release, but he does not indicate where he will live if he were released.

## II.  DISCUSSION

By its terms, 18 U.S.C. § 3582(c)(1)(A) permits the Court to reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the Court finds, as relevant here, that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i). As the movant, the defendant bears the burden to establish that he or she is eligible for a sentence reduction. United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016); United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014).

The Sentencing Commission has issued a non-binding policy statement addressing motions for reduction of sentences under § 3582(c)(1)(A).[1] As relevant here, the non-binding

---

[1] In a recent decision, the Fourth Circuit determined that the policy statement is no longer binding on courts deciding compassionate release motions because U.S.S.G. § 1B1.13 was enacted before the First Step Act. United States v. McCoy, 981 F.3d 271 (4th Cir. 2020). Specifically, the Fourth Circuit held that the policy statement found in U.S.S.G. § 1B1.13 does not apply to compassionate release motions brought by inmates under 18 U.S.C. § 3582(c)(1)(A)(i). Id. at 281–83. The McCoy Court reasoned that, because Section 1B1.13 applies only to motions brought by the Bureau of Prisons, it cannot be the policy statement applicable in circumstances where defendants bring their own motions for compassionate release. Id. In place of the no-longer-applicable policy statement, McCoy permits "courts [to] make their own independent determinations of what constitutes an 'extraordinary and compelling reason[ ]' under § 3582(c)(1)(A), as consistent with the statutory language[.]" Id. at 284. The McCoy Court noted, however, that Section 1B1.13 "remains helpful guidance even when motions are filed by defendants." Id. at 282 n.7. Because this Court finds that the policy

-3-

Case 3:17-cr-00081-MOC-DCK   Document 76   Filed 04/20/21   Page 3 of 9

policy statement provides that a court may reduce the term of imprisonment after considering the § 3553(a) factors if the Court finds that (i) "extraordinary and compelling reasons warrant the reduction"; (ii) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)"; and (iii) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.

The policy statement includes an application note specifying the types of medical conditions that qualify as "extraordinary and compelling reasons." First, that standard is met if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." U.S.S.G. § 1B1.13, cmt. n.1(A)(i). Second, the standard is met if the defendant is: (I) suffering from a serious physical or medical condition, (II) suffering from a serious functional or cognitive impairment, or (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover. U.S.S.G. § 1B1.13, cmt. n.1(A)(ii). The application note also sets out other conditions and characteristics that qualify as "extraordinary and compelling reasons" related to the defendant's age and family circumstances. U.S.S.G. § 1B1.13, cmt. n.1(B)-(C).

Finally, in addition to the non-binding policy statement, the Fourth Circuit has recently clarified that courts may make their own independent determinations as to what constitute "extraordinary and compelling reasons" to warrant a reduction of sentence under Section

---

statement is extremely helpful in assessing motions for compassionate release brought by defendants, the Court will rely on it as guidance.

-4-

3582(c)(1)(A).  United States v. McCoy, 981 F.3d 271 (4th Cir. 2020).

The mere existence of the COVID-19 pandemic, which poses a general threat to every non-immune person in the country, cannot alone provide a basis for a sentence reduction.  The conditions described in U.S.S.G. § 1B1.13 encompass specific serious medical conditions afflicting an individual inmate, not generalized threats to the entire population.  As the Third Circuit has held, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release."  United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

That does not mean, however, that COVID-19 is irrelevant to a court's analysis of a motion under Section 3582(c)(1)(A).  If an inmate has a chronic medical condition that has been identified by the CDC as elevating the inmate's risk of becoming seriously ill from COVID-19, that condition may satisfy the standard of "extraordinary and compelling reasons."  Under these circumstances, a chronic condition (i.e., one "from which [the defendant] is not expected to recover") reasonably may be found to be "serious" and to "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility," even if that condition would not have constituted an "extraordinary and compelling reason" absent the risk of COVID-19.  U.S.S.G. § 1B1.13, cmt. n.1(A)(ii)(I).

Defendant's request for a sentence reduction will be denied because he has failed to show extraordinary and compelling circumstances warranting his early release from prison.  Defendant appears to have health issues that likely make him more susceptible to becoming seriously ill if he were to contract COVID-19—that is, he suffers from obesity, which may place him at an

-5-

Case 3:17-cr-00081-MOC-DCK   Document 76   Filed 04/20/21   Page 5 of 9

increased risk for severe illness from COVID-19.[2]  Defendant is not entitled to compassionate release under § 3582(c)(1)(A), however, because he has not established a particularized risk of contracting the disease at his prison facility.  There is no evidence that Defendant has been unable to provide self-care while in BOP custody, nor is there any evidence that Defendant has not been able to receive adequate medical care.  Similarly, Defendant's claims about the conditions at FCI Ashland, which are applicable to all of the inmates there, do not create "extraordinary and compelling" reasons to grant Defendant's motion.  See, e.g., United States v. Hegyi, 2020 WL 7090710, at *2 (N.D. Ind. Dec. 4, 2020) ("the presence of COVID-19 in a prison, even in large numbers, does not justify compassionate release on its own.").  Defendant asserts that 80% of the inmate population have been infected with COVID-19 and that six deaths have been reported.  He further claims that a prison environment does not allow him to social distance or self-quarantine.  FCI Ashland has 944 inmates.  As of March 24, 2021, no inmates and three staff members at FCI Ashland are positive for COVID-19.  328 inmates and 66 staff members previously tested positive for COVID-19 and have since recovered.  Six inmates and

---

[2]  Defendant also asserts that he suffers from asthma, high blood pressure, high cholesterol, acid reflux, and pain in his knee.  First, as to Defendant's high cholesterol and acid reflux, the CDC does not consider individuals with high cholesterol or acid reflux to be in either risk category.  According to the CDC, individuals with hypertension "might be at an increased risk for severe illness" from COVID-19. People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with medicalconditions.html.  Where the defendant is receiving medical treatment to manage his hypertension, however, courts have found that this condition does not establish a particularized susceptibility to COVID-19.  Defendant also claims that he has asthma, but he has not presented any evidence that he suffers from asthma.  Even if he did, the CDC only lists moderate to severe asthma as a medical condition that "might" increase a patient's risk.  Based on that guidance, courts have found that mild or intermittent asthma does not establish a particularized susceptibility to COVID-19.  See, e.g., United States v. Chandler, 2020 WL 6139945, at *5 (E.D. Va. Oct. 19, 2020).

-6-

no staff members have died from COVID-19. As of March 24, 2021, 100 inmates and 120 staff have received both doses of the COVID-19 vaccine. COVID-19 Vaccine Implementation, BOP, https://www.bop.gov/coronavirus/.

These figures illustrate that the number of COVID-19 cases at FCI Ashland are not as dire as Defendant argues. Approximately 35% of the inmates have tested positive, rather than the 80% he claims. Although there have been 6 deaths, there have been no additional deaths since he filed his motion and currently no inmates are positive. In other words, the situation at FCI Ashland is improving, not deteriorating. FCI Ashland continues to follow BOP's modified operations plan during the COVID-19 emergency. These mitigation efforts reinforce that the defendant does not face a particularized risk at his facility.

Even if Defendant could give an extraordinary and compelling reason for compassionate release, the statutory sentencing factors weigh against release. Section 3582(c)(1)(A) requires a court to consider the factors set forth in 18 U.S.C. § 3553(a) before reducing a defendant's sentence. Those factors include "the nature and circumstances of the underlying offense and the history and characteristics of the defendant, as well as the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence and protect the public from further crimes of the defendant." United States v. Prater, No. 3:13cr133(DJN), 2021 WL 54364, at *4 (E.D. Va. Jan. 6, 2021) (citing 18 U.S.C. § 3553(a)(1)–(2)).

Section 3553(a) also instructs courts to "consider the kinds of sentences available and the sentencing range established for the offense." United States v. Nabaya, No. 3:17cr3, 2021 WL 54361, at *4 (E.D. Va. Jan. 6, 2021) (quoting 18 U.S.C. § 3553(a)(4)). Further, the Sentencing

Commission policy statement, U.S.S.G. § 1B1.13, instructs courts to consider the factors set forth in 18 U.S.C. § 3142(g), including "the nature and circumstances of the offense charged …; the history and characteristics of the person …; [and] the nature and seriousness of the danger to any person or the community that would be posed by the person's release." Id. (quoting 18 U.S.C. § 3142(g)).

Here, the relevant statutory sentencing factors do not support compassionate release. First, the seriousness of Defendant's offense and the danger to the public if he were released weighs heavily against release. Defendant actively engaged in sexual chats with someone he thought was a 14-year-old child and her mother. He was even willing to meet the child to engage in sexual conduct. Although he was not successful, his intent was clearly to do harm to a child. In doing so, he crossed state lines. He committed a very serious crime, one that shows the protection of the public is of utmost importance in his case. Also relevant to the issue of dangerousness is that, while Defendant has been incarcerated, there is no evidence that he has been enrolled in or requested sex offender treatment.

Moreover, this Court carefully considered Defendant's history and characteristics when it imposed a sentence. This Court sentenced Defendant below the mandatory minimum sentence. He has not even served half of what he would have faced if the mandatory minimum had been imposed. Reducing the sentence further would not recognize the seriousness of the offense or be a just punishment for someone who tried to meet a minor for sex. A reduced sentence would not provide general deterrence either. The Court's original sentence of 70 months appropriately reflects Defendant's history and characteristics, the nature and circumstances of the offense, the need to protect the public, and all the other sentencing factors. Accordingly, in light of

Defendant's criminal history, the totality of relevant circumstances, and the § 3553(a) factors, this Court denies Defendant's motion for a sentence reduction.

In sum, for all these reasons, the Court denies Defendant's motion. This Court notes that, in light of <u>United States v. McCoy</u>, the Court has made its own independent determination as to what constitute "extraordinary and compelling reasons" to warrant a reduction of sentence under Section 3582(c)(1)(A). Having thus considered defendant's motion and reviewed the pleadings, the Court enters the following Order.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's pro se Motion for Compassionate Release/Reduction of Sentence, (Doc. No. 67), is **DENIED**.

Signed: April 20, 2021

Max O. Cogburn Jr
United States District Judge